The opinion of the Court was drawn up by
Appleton, C. J.
This is an action of trespass guare clausum fregit. The commission of the trespass sued for is not contested, nor that it was committed by the defendant alone. The defence is, that damages were recovered therefor in a suit between this plaintiff and the defendant and Henry D. Fuller, and that consequently this action cannot be maintained, whether such judgment was satisfied or not.
But in the action of trespass, commenced by this plaintiff against Job M. Caswell & al., for a joint trespass by them committed, the jury could legally have assessed damages only for their joint acts against them jointly. White v. Demary, 2 N. H., 546. "The result of the authorities, which are numerous,” says the Court, in Halsey v. Woodruff, 9 Pick., 565, "is, that when a joint action is brought against two for a trespass done, and there is a judgment against both, it must bo a judgment for joint damages.” If proof was received of a several trespass by either, it was not sufficient to charge both for a joint offence. Williams v. Sheldon, 10 Wend., 654. *296 Though the evidence was received, it does not follow that the defendant has thereby' been injured. He does not prove, nor offer to prove, even if it .were admissible, that the verdict in the action, Davis v. Caswell & al., was rendered for the several trespass of Caswell. It is to be presumed, proper instructions were given upon the trial of that cause and that the verdict was' in accordance therewith. If so, damages for the trespass in suit were not included in the judgment which the defendant sets up as a bar to this action.
If the instructions were erroneous, or, being correct, were disregarded, of all which there is no proof, no one knows better than the learned and astute counsel for the defendant how those errors are to be corrected. They are not shown to have existed. They are not to be presumed to have existed. And if they existed, their correction should have been made in the suit in which they occurred.

Default to stand.

Rice, Cutting, Davis, Kent and Walton, JJ., concurred.